```
              UNITED STATES DISTRICT COURT FOR THE
                    DISTRICT OF NEW HAMPSHIRE
```

<u>United States of America</u>

    v.                              Case No. 00-cr-181-01-JD

<u>Jose Gonzalez</u>


<u>United States of America</u>

    v.                              Case No. 02-cr-110-01-JD

<u>Joseph Monroig</u>

**O R D E R**

The defendant, Joseph Monroig a/k/a Jose Gonzalez, moves to reduce his sentence based upon the amendments to the Federal Sentencing Guidelines regarding cocaine base ("crack cocaine") offenses (document no. 18 in 00-cr-181-01-JD; document no. 46 in 02-cr-110-01-JD). For the reasons stated below, the motion to reduce sentence is DENIED.

On May 1, 2007, the United States Sentencing Commission (the "Commission") submitted to Congress an amendment to the Federal Sentencing Guidelines that lowers the guideline sentencing range for certain categories of offenses involving crack cocaine. Specifically, the amendment adjusts downward by two levels the

base offense level assigned to each threshold quantity of crack cocaine listed in the Drug Quantity Table in §2D1.1 and provides a mechanism for determining the guideline range for offenses involving crack cocaine and other controlled substances.  This amendment took effect November 1, 2007.

Pursuant to 28 U.S.C. § 994(u), the Commission also determined that this guideline amendment would be applied retroactively to offenders who were sentenced under prior versions of the Guidelines Manual and who are incarcerated.  The Commission set the effective date for the retroactive application of this amendment to be March 3, 2008, at which time reductions in sentence pursuant to 18 U.S.C. § 3582(c)(2) based on the retroactive application of the crack cocaine amendment will be authorized.

After having reviewed the offense for which the defendant was convicted in this district and upon which he is presently incarcerated, it is determined that the defendant is not eligible to seek a reduced sentence under this amendment.  On January 18, 2002, the defendant was sentenced on a twelve count indictment in 00-cr-181-01-JD, seven counts of which charged the defendant with the Distribution of Cocaine Base ("Crack") in violation of 21 U.S.C. §§ 841(a)(1) & 841(b)(1)(C).  He received a concurrent sentence of 46 months on each count.  On February 18, 2004, the

defendant was sentenced on a two count indictment in 02-cr-110-01-JD, one count of which charged the defendant with the Distribution of Cocaine, a Schedule II Controlled Substance Resulting in Death in violation of 21 U.S.C. §§ 841(a)(1) & 841(b)(1)(C).  In contrast to the first charge, which involved the distribution of crack cocaine, this charged the defendant with the distribution of cocain powder.  On this latter cocaine powder charge, the defendant received a sentence of 120 months, which was to run concurrent with his sentence on the crack cocaine charges in 00-cr-181-01-JD.

As stated above, the Commission set the effective date for the retroactive application of the crack cocaine amendment to be March 3, 2008, at which time reductions in sentence pursuant to 18 U.S.C. § 3582(c)(2) based on the retroactive application of the crack cocaine amendment would be authorized.  With regard to the defendant's crack cocaine conviction in 00-cr-181-01-JD, it appears he would have completed his sentence on October 8, 2004 with good conduct credit or on April 26, 2005 without any good conduct credit.  Thus, by March 3, 2008 (the effective date of the crack cocaine amendment) the defendant had already completed serving his sentence on his crack cocaine convictions and he was well into his ten (10) year sentence for distribution of cocaine powder and heroin in 02-cr-110-01-JD.  Thus, the defendant having

completed his sentence on his crack cocaine convictions prior to the effective date of the amendment, his request for a sentence reduction is denied.

Therefore, for the foregoing reasons, Defendant's motion to reduce sentence (document no. 18 in 00-cr-181-01-JD; document no. 46 in 02-cr-110-01-JD) is DENIED.

**SO ORDERED.**

Date:  September 7, 2010          **/s/ Joseph A. DiClerico, Jr.**
                                                        Joseph A. DiClerico, Jr.
                                                        United States District Judge

cc:  Joseph Monroig, pro se
     Robert J. Veiga, Esq.
     U. S. Probation
     U. S. Marshal